## LEVIN v KISKA et

Ohio Appeals, 9th Dist, Lorain Co

No 787.   Decided Nov 20, 1936

Levin & Levin, Lorain, for appellee.
Martin J. Monahen, Cleveland, and Adams & Adams, Lorain, for appellants.

### OPINION

PER CURIAM

This case is before this court on appeal upon questions of law. Reference will be made to the parties as they appeared below.

In the trial court plaintiff filed a petition against the defendants wherein he alleged that he was an attorney, duly authorized to practice in the courts of the state of Ohio, and maintaining an office in the city of Lorain, Ohio:

"That on or about September 1, 1933, plaintiff was employed by the defendant John Kiska to prosecute an action against the Columbia Refining Company, a corporation, for the sum of ten thousand dollars ($10,000), which said John Kiska did claim to be due him from the defendant by reason of the breach of a certain contract. That the plaintiff did institute such action for the defendant John Kiska in the Common Pleas Court of Lorain County, being cause No. 34,213 upon the civil docket of said court, and did cause summons to issue and did cause certain other proceedings to be had thereunder. That said cause is now pending in the Common Pleas Court of Lorain County; that said John Kiska now refuses to prosecute said action through to final judgment.

"That the plaintiff has performed all conditions of his agreement with said John Kiska to be performed; that the plaintiff has not been paid for his services so rendered; that the fair and reasonable value of said services is the sum of three thousand three hundred thirty-three dollars and thirty-three cents ($3,333.33).

"That the defendant the Columbia Refining Company, having knowledge of the employment of the plaintiff as attorney for plaintiff in said action and that he has not been paid for his services therefor, did nevertheless pay or make arrangements for the payment of said claim in issue in said cause No. 34,213, and has directly settled said claims with said John Kiska. That said John Kiska and said Columbia Refining Company have directly settled said matters involved in cause No. 34,213 and have colluded and conspired by virtue of said settlement and in the manner of its negotiation to defraud the plaintiff of the money due him for said services rendered in said cause No. 34,213, to plaintiff's damage in the sum of three thousand three hundred thirty-three dollars and thirty-three cents ($3,333.33)."

The evidence of plaintiff in the trial court tended to show that plaintiff had entered into an oral contract with the defendant Kiska, whereby plaintiff agreed to represent said defendant Kiska, and Kiska agreed to employ plaintiff under the terms of a contingent employment contract, providing that plaintiff was to be paid, for his services, one-third of whatever amount might be recovered by settlement or suit in an action to be thereafter instituted by plaintiff against the Columbia Refining Co.

The evidence further showed, and the petition alleged, that the action instituted by plaintiff on behalf of said Kiska against the Columbia Refining Co. is still pending in the Court of Common Pleas of Lorain County, Ohio.

Plaintiff did not allege in his petition a contingent employment contract, nor did he allege that the Columbia Refining Co. knew of plaintiff's employment by said Kiska on a contingent basis, and we are accordingly of the opinion that, as to the Columbia Refining Co., plaintiff's petition did not state a cause of action.

Moreover, there was no competent evidence of any settlement having been made between Kiska and the Columbia Refining Co.; but assuming that there had been introduced by plaintiff competent evidence showing a settlement between said Kiska and the Columbia Refining Co., there was, at the close of plaintiff's evidence, no evidence whatsoever showing the value of anything paid or given by the Columbia Refining Co. to Kiska in settlement of Kiska's suit against that company.

It therefore was the duty of the trial court to sustain the defendant Columbia Refining Co.'s motion to direct a verdict in its behalf, which motion was made at the conclusion of plaintiff's evidence and at the conclusion of all the evidence, because there was no cause of action stated against that complete failure of proof to substantiate any cause of action against it; and this court, proceeding now to do the thing which the trial court should have done at the conclusion of plaintiff's evidence, orders that the judgment of the trial court be reversed and that final judgment in favor of the defendant Columbia Refining Co. and against the defendant Jacob Levin, be entered.

As to the defendant Kiska, it will be observed that the petition sets out a cause of action for the recovery of the reasonable value of the services rendered by plaintiff to defendant Kiska. It must be conceded, of course, that Kiska had a right at any time to dismiss his own lawsuit or to refuse to further prosecute the same; and if plaintiff was employed upon a contract providing for payment by Kiska for such services as plaintiff rendered in his behalf, Kiska would be liable for the reasonable value of such services as plaintiff had rendered at the time of the dismissal of the action, or of the refusal of Kiska to further prosecute the same; and, if plaintiff was employed upon a contingent contract (which

did not appear from the petition filed herein) to prosecute Kiska's action to final conclusion or settlement, and Kiska refused, after the institution of said action, to proceed further with the prosecution thereof, then plaintiff would likewise be entitled to recover the reasonable value of the services rendered for Kiska up to the time of such refusal to prosecute said action.

There is no credible evidence contained in this record as to the reasonable value of the services rendered by plaintiff for Kiska, the statement of the only witness on that subject being, under the record herein, so absurd as to be of no probative value whatsoever; nor is there any evidence of the value of anything claimed by plaintiff to have been received by Kiska in settlement of his action against the Columbia Refining Co.

Such being the state of the record, it was the duty of the trial court, if requested by counsel for defendant Kiska, to have rendered judgment in favor of said defendant Kiska. No such request was made, either at the conclusion of plaintiff's case or at the conclusion of all of the evidence; but upon said defendant's motion for a new trial on the ground that said verdict was contrary to law, it was the duty of the trial judge, by virtue of the provisions of §11601, GC, to render a judgment in favor of the defendant Kiska whether requested so to do or not, upon the ground that, under the evidence received upon the trial, Kiska was entitled by law to a judgment in his favor.

The trial court having failed to enter the judgment which the law required should be entered, this court, proceeding now to render the judgment which the trial court should have entered, orders that the judgment of the trial court be reversed, and that final judgment in favor of the defendant Kiska be entered, with exceptions to plaintiff.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.